## GAINER v GREEN
Case No. 90-8278-CA

Twentieth Judicial Circuit, Lee County

March 14, 1991

## OPINION OF THE COURT

JAMES H. SEALS, Circuit Judge.

### FINAL ORDER DENYING WRIT OF MANDAMUS

THIS CAUSE came before the court upon this court's Order To Show Cause directed to the Respondent, Charlie Green, Clerk of the Circuit Court, ordering him to show cause why a certain tax deed should not be issued to the Petitioners herein, James C. and Ruth Gainer; and the Respondent having filed his written response, and the court finding that there is no need for either an evidentiary hearing or more legal arguments on the issues presented, and being fully advised in the premises, the court finds and rules as follows:

Before the last act necessary to "issue" a tax deed pursuant to Florida Statute § 197.472(1), was performed, the tax certificates on the

subject real property were redeemed, notwithstanding the fact that almost one and one half hours had elapsed since Petitioners did what they were required to do to be entitled to the "immediate" issuance of their tax deed. Petitioners allege that Respondent must issue their tax deed immediately upon receipt of full payment of the bid price, even though the clerk had twelve other tax deeds to prepare before the Petitioners'; or in the alternative, the clerk must not perform any other duties until all tax deeds sold at a sale are issued. Petitioners, therefore, appear to be asserting the argument that, since Florida Administrative Code Section 12D-13.065(7) requires immediate issuance of tax deeds upon receipt of full payment from the highest bidder at sale, the clerk must not do anything else, especially take time out to redeem tax certificates, until that purchaser has his tax deed issued to him. The court cannot accept that argument.

The plain and simple meaning of the statutory language permits redemption before issuance of the tax deed. Implied in the language of Florida Statute §§ 197.542(2) (full payment before issuance) and 197.472(1) (redemption before issuance) is that the clerk must issue tax deeds without unreasonable delay. The Florida Administrative Code directs the clerk to issue the tax deeds immediately. Since the court must give greater deference to statutory direction and must at the same time recognize the realities of work in process in the clerk's office, the court holds that the clerk's duty to issue tax certificates arises immediately upon receipt of full payment, but performance of that duty must only be executed with due diligence and without unreasonable delay.

It would be an onerous burden for the clerk to service a multiple tax deed sale without *any* delay whatsoever to all of the purchasers at sale. Furthermore, deputy clerks are not required by statute or administrative law to ignore everything else going on in the office while preparing tax deeds for the clerk's signature. The clerk and his deputies have a concomitant duty to serve the members of the public who have business with the clerk's office, even though it may cause brief interruptions in high priority work, and the same does not always constitute an unreasonable delay. There were no facts here that would give rise to an inference of an unreasonable delay in the issuance of the subject tax deed.

Finally, because the law abhors a forfeiture, a clerk should never ignore or refuse a property owner's attempt to redeem his property because the Florida Administrative Code requires the immediate preparation and issuance of tax deeds, especially if one of those tax deeds will cause that property owner to lose his property.

IT IS THEREFORE ORDERED AND ADJUDGED that the Order to Show Cause is quashed and the Petition for Writ of Mandamus is denied. The Respondent is authorized to return to Petitioners the sum of $13,584.75 without further order of the court.

DATED this 14th day of March, 1991.